**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT ALBERGO, et al.,<br><br>                    Plaintiffs,<br>vs.<br><br>IMMUNOSYN CORPORATION, et al.,<br><br>                    Defendants. | CASE NO. 09CV2653 DMS (AJB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION** |

Pending before the Court is Defendants James and Dona Miceli's motion for reconsideration of the Court's Order granting Plaintiffs' motion for a writ of attachment. For the following reasons, Defendants' motion is granted.

**I.**

**BACKGROUND**

Plaintiffs Robert Albergo and David Irwin allege that in early 2006, they were induced to invest a combined $1,025,000 in unrestricted stock of a "start-up" company called Nurovysn Biotech Corporation (now Immunosyn) through Argyll Equities. (FAC ¶¶ 65-68, 72, 76.) Based upon representations made to them, Plaintiffs were induced to enter into what the parties have called the First Argyll Contracts. (*Id*. at ¶ 65.) Under these contracts, executed in March and April 2006, Plaintiff Albergo paid $1,000,000 and Plaintiff Irwin paid $25,000 in exchange for 100,000 and 2,500 free-trading shares of common stock in Immunosyn, respectively. (*Id*. at ¶¶ 65-68, 72, 76.) Neither

Plaintiff received the stock. (*Id*. at ¶ 128, 137.) Then, on May 7, 2007, Plaintiffs received a letter from Defendant James Miceli requiring them to sign new contracts, the so-called Second Argyll Contracts, in order to receive their original stock certificates. (*Id*. at ¶ 79.) The Second Argyll Contracts contained terms and conditions not present in the First Argyll Contracts. (*Id*. at ¶ 80.) However, because of the alleged false representations of Defendants, and given the requirement that Plaintiffs sign the Second Argyll Contracts in order to receive the original stock they purchased, both Plaintiffs signed the Second Argyll Contracts. (*Id*. at ¶ 81.) On November 24, 2009, Plaintiffs filed suit in this Court. (Doc. 1.) In their First Amended Complaint ("FAC"), Plaintiffs assert eight claims for relief: (1) breach of contract, (2) violation of the Securities Exchange Act, (3) fraud and fraud in the inducement, (4) violation of RICO, (5) conspiracy to violate RICO, (6) civil conspiracy, (7) unjust enrichment, and (8) fraudulent conveyance.

On April 18, 2010, Plaintiffs filed a motion for a writ of attachment against the real property of Defendants James and Dona Miceli based upon their claims for breach of contract and fraudulent inducement. (Doc. 17.) On June 15, 2010, Defendants filed a motion to dismiss Plaintiffs' FAC. (Doc. 27.) The Court issued an Order on August 23, 2010, granting in part and denying in part Defendants' motion to dismiss and granting Plaintiffs' motion for a writ of attachment. (Doc. 33.) The Court subsequently amended its August 23 Order to reflect the accurate address of the property subject to the writ of attachment. (Doc. 46.) On October 22, 2010, after being granted an extension of time to do so, Defendants James and Dona Miceli (herein, "Defendants") filed a motion for reconsideration of the Court's August 23 Order granting Plaintiffs' motion for a writ of attachment. (Doc. 61.)

## II.

## LEGAL STANDARD

The Federal Rules do not expressly authorize a motion for reconsideration. However, "as long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001)(quotation omitted). Reconsideration will generally be appropriate "if the district court (1) is presented with

newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there in an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Under the Federal Rules of Civil Procedure, motions for writs of attachment are governed by the laws of the state where the district court is located. Fed. R. Civ. P. 64. Under California law, to secure a writ of attachment, the Plaintiffs have the burden of proving: (1) the claim is one on which an attachment may be issued; (2) the probable validity of such claim; (3) the attachment is not sought for any other purpose than to secure recovery on the claim; and (4) the amount to be secured by the attachment is greater than zero. Cal. Civ. Proc. Code § 484.090. Probable validity exists where it is "more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." Cal. Civ. Proc. Code § 481.190. In other words, "the Court must consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation." *Loeb & Loeb v. Beverly Glen Music, Inc.*, 166 Cal. App. 3d 1110, 1120 (1985). Because the writ of attachment at issue here would cause Defendants to lose control of their property, the prerequisites for issuance of a writ of attachment are strictly construed against Plaintiffs. *Blastrac v. Concrete Solutions & Supply*, 678 F. Supp. 2d 1001, 1004 (C.D. Cal. 2010). Furthermore, an attachment may be issued only if the claim sued upon is (a) a claim for money based upon a contract, express or implied; (b) of a fixed or readily ascertainable amount not less than $500 (by reference to the contract itself); (c) that is either unsecured or secured by personal property, not real property; and (d) is a commercial claim. Cal. Civ. Proc. Code § 483.010.

### III.
### DISCUSSION

Defendants move for reconsideration on the basis that newly discovered evidence indicates that Plaintiffs each signed rescission agreements rescinding the First Argyll Contracts and, accordingly, there is no longer probable validity that Plaintiffs will succeed on their breach of contract and fraudulent inducement claims and a writ of attachment may not be maintained. Plaintiffs argue the rescission agreements do not constitute newly discovered evidence and that, even if the Court grants Defendants' motion for reconsideration, the rescission agreements do not change the outcome of

Plaintiffs' motion for a writ of attachment because Defendants themselves breached the rescission agreements. Plaintiff Irwin further states he believes the signature on the rescission agreement identified by Defendants to have been signed by him is a forgery. (Declaration of David Irwin at ¶ 6.) Plaintiff Albergo admits to having signed a rescission agreement, but claims he only did so because he was told it was necessary for him to receive his stocks under the First Argyll Contracts. (Declaration of Robert Albergo at ¶¶ 8, 10.)

In light of the existence of the rescission agreements, and in order to prevent injustice, the Court exercises its inherent authority to reconsider and modify its own orders and grants Defendants' motion for reconsideration. The burden placed upon a party seeking a prejudgment writ of attachment is a heavy one and the requirements for the issuance of a writ of attachment are to be strictly construed against the applicant. *Blastrac*, 678 F. Supp. 2d at 1004. In considering the rescission agreements, the Court finds Plaintiffs have failed to meet their burden of demonstrating probable validity as to their breach of contract and fraudulent inducement claims. Accordingly, the Court's August 23, 2010 Order, as amended by the Court's September 30 Order, is vacated in so far as it granted Plaintiff's motion for a writ of attachment. Should Plaintiffs seek to renew their motion for a writ of attachment, the Court invites briefing on the probable validity of their breach of contract and fraudulent inducement claims in light of the rescission agreements.

### III.
### CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is granted. The Court's August 23, 2010 Order, as amended by the Court's September 30 Order, is vacated in so far as it granted Plaintiff's motion for a writ of attachment. The writ of attachment issued on October 14, 2010 is vacated.

**IT IS SO ORDERED.**

DATED: December 15, 2010

_____
HON. DANA M. SABRAW
United States District Judge