UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROBERT ALBERGO, an individual; DAVID IRWIN, an individual, <br><br> Plaintiffs, <br><br>  vs. <br><br> IMMUNOSYN CORPORATION, a Delaware Corporation, et al., <br><br> Defendants. | CASE NO. 09cv2653-DMS (MDD) <br><br> ORDER DENYING DEFENDANTS' MOTION TO RE-OPEN DISCOVERY <br><br> [ECF NO. 197] |
|---|---|

On May 25, 2012, Defendants' filed an *ex parte* Motion to Re-open Discovery. (ECF. No. 197). Plaintiffs filed on Opposition. (ECF. No. 200). For the reasons presented herein, Defendants' motion to re-open discovery is denied.[1]

Background

The initial complaint in this case was filed November 24, 2009. Discovery opened December 20, 2010. (ECF No. 76). A formal order regulating discovery was issued shortly after the filing of the Second Amended Complaint. (ECF Nos. 123, 137). Defendants were represented by counsel until August 22, 2011. (ECF Nos. 138, 142). All discovery closed March 12, 2012. On April 5, 2012, Plaintiffs filed a Motion

---

[1] All of the corporate Defendants have been defaulted and there has been no motion to lift the default. Accordingly, the Court will consider the instant motion only in regard to the individual Defendants.

1 for Partial Summary Judgment. (ECF. No. 184).  On May 8, 2012, three days before
2 the scheduled hearing on Plaintiffs' motion for summary judgment, new counsel
3 entered his appearance and Defendants filed an ex parte application for a ninety-day
4 continuance of the summary judgment hearing. (ECF No. 191).  The district judge
5 issued an order on May 10, 2012, extending the dates for: 1) the filing of Defendants'
6 opposition; 2) the final pretrial conference; and 3) the trial.   (ECF No. 194).

7       In support of their motion to re-open discovery, Defendants rely upon the
8 arrival of new counsel and claim that they "stand to be prejudiced by not being able
9 to obtain necessary trial information in the defense of their case." (Defs'. Mtn. at 3).
10 Defendants state that previous counsel focused on settlement and failed to propound
11 any discovery in preparation for trial.  Consequently, Defendants assert that they are
12 completely unprepared for a trial on the merits. (Id. at 3).  Defendants' motion does
13 not identify any specific discovery that they seek to obtain; the request is for a
14 general re-opening of discovery.

15       In opposing Defendants' motion, Plaintiffs' contend that while discovery was
16 open Defendants "did not propound any discovery, of any nature, upon the Plaintiffs."
17 (Pls'. Opp at 2).  Plaintiffs also contend that Defendants' response to the discovery
18 propounded by Plaintiffs was a blanket assertion of the 5th Amendment privilege
19 against self-incrimination and that Defendants did not produce any requested
20 documents. (Id.)

21 Discussion

22       Federal Rule of Civil Procedure 16(b)(4) provides "[a] schedule may be modified
23 only for good cause and with the judge's consent."  The Ninth Circuit has held that
24 "Rule 16(b)'s 'good cause standard' primarily considers the diligence of the party
25 seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th
26 Cir. 1992). "Although the existence or degree of prejudice to the party opposing
27 modification might supply additional reasons to deny a motion, the focus of the
28 inquiry is upon the moving party's reasons for seeking modification." *Id*. (internal

citations omitted). Here, Defendants have not demonstrated the requisite diligence necessary to  demonstrate good cause.

In support of their motion, Defendants note they were without legal representation from August 26, 2011 to May 8, 2012, rendering them unable to conduct discovery. This claim is meritless - parties representing themselves in civil actions before this court, including prisoners, regularly propound and litigate discovery requests.  Discovery opened in this case on December 20, 2010, when the magistrate judge previously assigned to the case issued an order stating "[d]iscovery may commence on the issue set forth in the Complaint at this time." (ECF No. 76). In April 2011, upon transfer to this Court, regular telephonic case management conferences were held to discuss the status of the case including the status of discovery. The Court's notes reflect that during case management conferences Defendants, through counsel, did not claim an inability to timely pursue discovery. Indeed, the parties filed a Joint Discovery Plan on July 28, 2011 (ECF No. 128) and on August 18, 2011, a scheduling order imposing a discovery deadline of March 12, 2012 was filed. (ECF No. 137).  Following the filing of the scheduling order, the Court continued to hold telephonic case management conferences.

Notably, the last two case management conferences were held after Defendants' counsel had withdrawn. Now representing themselves, Defendants did not raise the issue of discovery or attempt to seek relief from the discovery deadlines.[2] ( ECF Nos 168 and 178).  Even after new counsel entered an appearance May 8, 2012, it wasn't until May 25, 2012, that the instant motion was filed.

It simply is not enough, considering the history of this case, that general discovery should be re-opened solely because new counsel has entered the case.  As noted above, the inquiry is whether the party seeking relief has been diligent in meeting the deadlines contained in the pretrial scheduling order. Here, discovery has

---

[2] The Court acknowledges that the corporate defendants were unable to participate in those case management conferences due to their lack of representation and, since they have been defaulted, are not being considered in this motion.

1  been open since December 20, 2010, and Defendants have offered little, beyond the
2  entry of new counsel, in support of their claim that would justify re-opening
3  discovery.  "[C]arelessness is not compatible with a finding of diligence and offers no
4  reason for a grant of relief." *Johnson,* 975 F.2d at 609.  For these reasons, the Court
5  declines to re-open discovery.

<u>Conclusion</u>

Defendants' motion to re-open discovery is **DENIED**.

**IT IS SO ORDERED**.

DATED:  July 2, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge